# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL YOUNG,<br><br>          Plaintiff,<br><br>     v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:11-cv-01258-GBC (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 9)<br><br>ORDER VACATING IN PART THE COURT'S ORDER ON SEPTEMBER 19, 2011<br>(Doc. 8)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY FILED ON SEPTEMBER 15, 2011<br>(Doc. 7)<br><br>ORDER DENYING REMAINING MOTIONS AS MOOT<br>(Docs. 10, 11)<br><br>ORDER TO REOPEN THE CASE |

**I.      Procedural Background**

On July 27, 2011, Plaintiff Daniel Young filed a motion to withdraw his complaint and stop filing fee payments. Doc. 7. On September 19, 2011, the Court denied Plaintiff's request to stop the payment of the filing fee and construed the remainder of Plaintiff's motion as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). Doc. 8. On September 29, 2011, Plaintiff filed a motion for reconsideration. Doc. 9. In Plaintiff's motion for reconsideration, Plaintiff states that the Court misconstrued Plaintiff's motion filed on September 15, 2011, and asserts that Plaintiff never intended to voluntarily dismiss his action without prejudice, rather, Plaintiff sought to stay his action. Doc. 9.

///

## II. Motion to Reconsider

"Rulings by Magistrate Judges pursuant to this Rule shall be final if no reconsideration thereof is sought from the Court within fourteen (14) days calculated from the date of service of the ruling on the parties, unless a different time is prescribed by the Magistrate Judge or the Judge." Local Rule 72-303(b).  Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Motions to reconsider are committed to the discretion of the trial court. *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir.2007); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Upon review of its order and Plaintiff's motion for reconsideration, the Court notes that Plaintiff never explicitly stated that he was seeking a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(I) and his motion on September 15, 2011, could reasonably be interpreted as a request to stay the action.  Doc. 7; Doc. 8; Doc. 9.  As such, the Court will grant Plaintiff's motion for reconsideration in part to the extent that the order on September 19, 2011,

addressed the voluntary dismissal. However, the remaining portion of the order addressing Plaintiff's request to halt payment shall remain and Plaintiff's motion to stay the action is denied as unnecessary.

### III.     Conclusion

Based on the foregoing, the Court HEREBY Orders that:

1. Plaintiff's motion for reconsideration of the order granting voluntary dismissal filed on September 19, 2011, is GRANTED (Doc. 9);
2. The order granting voluntary dismissal and denying request to stop payment on filing fee, is VACATED IN PART as to the voluntary dismissal (Doc. 8); and
3. Plaintiff's motion to stay filed on September 15, 2011, is DENIED as unnecessary (Doc. 7);
4. Plaintiff's duplicative motions requesting reconsideration filed on October 31, 2011, is DENIED as moot (Doc. 10, 11);
5. The Clerk of the Court shall reopen the case.

IT IS SO ORDERED.

Dated:     May 23, 2012

_____
UNITED STATES MAGISTRATE JUDGE